**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TAMARA DIAZ,
*Plaintiff-Appellee*,

v.

KUBLER CORPORATION, DBA
Alternative Recovery Management,
*Defendant-Appellant*.

No. 14-55235

D.C. No.
3:12-cv-01742-
MMA-BGS

OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted
April 7, 2015—Pasadena, California

Filed May 12, 2015

Before: Barry G. Silverman and Carlos T. Bea, Circuit
Judges and James Donato,\* District Judge.

Opinion by Judge Donato

---

\* The Honorable James Donato, District Judge for the U.S. District
Court for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Fair Debt Collection Practices Act

Reversing the district court's summary judgment and remanding, the panel held that a collection letter seeking ten percent interest on a debt did not violate the Fair Debt Collection Practices Act or California's Rosenthal Act.

The panel held that the letter did not violate 15 U.S.C. § 1692f(1), and thus did not violate the Rosenthal Act, because the amount sought was authorized by California state law, which allows recovery of prejudgment interest on a debt that is certain or capable of being made certain, even if a judgment has not yet been obtained.

### COUNSEL

June D. Coleman (argued), Kronick Moskovitz Tiedemann & Girard PC, Sacramento, California, for Defendant-Appellant.

Michael L. Crowley (argued) and Andre L. Verdun, Crowley Law Group, San Diego, California; Eric A. LaGuardia, LaGuardia Law, San Diego, California, for Plaintiff-Appellee.

Thomas P. Griffin, Jr., Hefner, Stark & Marois, LLP, Sacramento, California; Brian Melendez, Dykema Gossett

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

PLLC, Minneapolis, Minnesota, for Amici Curiæ ACA International and California Association of Collectors, Inc.

## OPINION

DONATO, District Judge:

This appeal involves a suit by a debtor against a debt collector, alleging that by sending a collection letter that sought ten percent interest on the debt, the debt collector violated the provision of the federal Fair Debt Collection Practices Act ("FDCPA") codified at 15 U.S.C. § 1692f(1) and thereby also violated California's Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33. The district court agreed that the debt collector violated the FDCPA and the Rosenthal Act, and granted summary judgment in the debtor's favor. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse the district court's grant of summary judgment and remand.

I.

Congress passed the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To that end, the statute prohibits debt collectors from trying to collect any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). A debt collector does not violate this provision if the amounts it seeks are authorized by state law. *See Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 770 (8th Cir. 2001); *see also* Staff Commentary on the

Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Fed. Trade Comm'n 1988).

The pertinent state laws are sections 3287 and 3289 of the California Civil Code. Section 3287 allows recovery of pre-judgment interest on debts under certain circumstances:

> (a) Every person who is entitled to recovery damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during which time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

> (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287 (West 1997) (amended 2013).[1] Section 3289 provides that "[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289.

The Rosenthal Act "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). The parties do not dispute that the Rosenthal Act claims at issue in this appeal rise or fall with the FDCPA claims.

## II.

The relevant facts are not disputed. Appellee Tamara Diaz incurred a debt for receiving dental services from Parkway Dental Group in the spring of 2011. Parkway later referred the debt to appellant Kubler Corporation (doing business as Alternative Recovery Management, or "ARM"), a debt collection agency, which began efforts to collect on the debt. As part of these efforts, Kubler sent Diaz a letter in May 2012 demanding that she pay $3,144 in principal and $298.03 in interest. The parties agree that the demand for interest reflects an annual interest rate of ten percent.

In July 2012, Diaz filed suit against Kubler in federal district court, and subsequently amended her complaint to claim that Kubler violated 15 U.S.C. § 1692f(1) and the

---

[1] The statute is quoted as it stood during the events that gave rise to this case. In 2013, the statute underwent several minor changes, none of which are material to the issues in this appeal. Cal. Civ. Code § 3287 (West Supp. 2015).

Rosenthal Act by seeking interest in the May 2012 letter. She later moved for summary judgment. The district court granted summary judgment and held that "[w]ithout a judgment for breach of contract awarding prejudgment interest, Defendant cannot seek to collect prejudgment interest on Plaintiff's debt at the rate set forth in California Civil Code section 3289." *Diaz v. Kubler Corp.*, 982 F. Supp. 2d 1146, 1156 (S.D. Cal. 2013) (citations omitted).

Afterwards, Diaz chose not to try her remaining claims to a jury, and instead sought statutory damages for the claims on which she had prevailed at summary judgment. The district court awarded her $500 in statutory damages, as well as attorneys' fees and costs. Kubler timely appealed.

### III.

We review de novo the district court's order granting summary judgment, *see John Doe 1 v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and its interpretation of state law, *see Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) (en banc). "When interpreting state law, we are bound to follow the decisions of the state's highest court," and "[w]hen the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises." *Id.* (citations omitted).

It is quite plain that Kubler would have been entitled to prejudgment interest under California law when it sent its collection letter if the debt in question was certain or capable of being made certain at that time, even if Kubler had not yet obtained a judgment from a court. Section 3287(a) allows recovery of interest from the time the creditor's right to

recover "is vested," and we have previously explained that "California cases uniformly have interpreted the 'vesting' requirement as being satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir. 2009) (collecting cases); *see also Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) (discussing California cases and reaching same conclusion). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Leff v. Gunter*, 658 P.2d 740, 748 (Cal. 1983) (citation omitted). Consequently, prejudgment interest under section 3287(a) becomes available as of the day the amount at issue becomes "calculable . . . mechanically, on the basis of uncontested and conceded evidence," and it is available "as a matter of right," rather than at the discretion of a court. *Id*. at 748, 749.

Our conclusion that section 3287(a) can entitle a creditor to interest even without a prior judgment is confirmed by the text of section 3287(b), which applies where the amount of damages is not certain or capable of being made certain. That provision explicitly states that it only permits prejudgment interest where a person is "entitled *under any judgment* to receive damages based upon a cause of action in contract where the claim was unliquidated." Cal. Civ. Code § 3287(b) (emphasis added). The obvious implication is that the word "entitled" when used on its own (as it is in section 3287(a)) does not carry with it any implicit requirement that the entitlement be pursuant to a judgment. *Cf. Romero-Ruiz v.*

*Mukasey*, 538 F.3d 1057, 1063–64 (9th Cir. 2008) ("It is a well-established principle of statutory construction that legislative enactments should not be construed to render their provisions 'mere surplusage.'"); *People v. Woodhead*, 741 P.2d 154, 157 (Cal. 1987) ("[W]hen the drafters of a statute have employed a term in one place and omitted it in another, it should not be inferred where it has been excluded."). It follows that a judgment awarding interest pursuant to section 3287(a) merely vindicates a pre-existing right to interest instead of creating it. Kubler might well have had a right to pre-judgment interest pursuant to section 3287(a) in May 2012, despite not having obtained a judgment saying so. And given the absence of any provision in the contract stipulating to a particular rate of interest, the interest rate that would apply is section 3289's default of ten percent.

Diaz relies on *Unocal Corp. v. United States*, 222 F.3d 528 (9th Cir. 2000), to defend the district court's findings but that case provides her with no meaningful support. *Unocal* states that "[s]ection 3287 provides for an award of prejudgment interest whenever a plaintiff prevails in a breach of contract claim for an amount of damages that is certain or is capable of being made certain by calculation." *Id.* at 541. But just because prejudgment interest can be awarded if a plaintiff prevails in court does not mean the plaintiff was not entitled to prejudgment interest even before.

The district court's grant of summary judgment was based on an incorrect reading of section 3287. Summary judgment in Diaz's favor might still have been appropriate if it were undisputed that Diaz's debt was not certain or capable of being made so, thus rendering section 3287(a) inapplicable. But the district court made no such determination, apart from citing a declaration from Diaz in a footnote to its recitation of

facts, in which she claimed that she believed Parkway was "attempting to collect more than what [she] owed." Given Kubler's insistence that the debt was in fact certain – a claim supported by documents from Diaz's insurer and a small claims court settlement with Parkway that she entered into – Diaz's conclusory statement is not the grist of undisputed material fact. If Kubler is correct that the debt was certain by May 2012, the attempt to seek prejudgment interest in the collection letter was "permitted by law," and did not cross 15 U.S.C. § 1692f(1) or the Rosenthal Act.

Nor is it the case that a debt collector must generally be entitled *by judgment* to a type of relief in order for that relief to be "permitted by law" within the meaning of 15 U.S.C. § 1692f(1). To hold that a debt collector must have a judgment in hand in order for the relief it seeks to be "permitted by law" would lead to untenable results, given the fact that § 1692f(1) can be violated by the filing of a lawsuit that seeks to collect an amount not authorized by the debt agreement or permitted by law. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (holding that the FDCPA "applies to the litigating activities of lawyers"); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031–32 (9th Cir. 2010) ("We . . . conclude that a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f."). If a prior court judgment were a *sine qua non* for relief to be "permitted by law," a person would not be able to file a lawsuit seeking prejudgment interest unless she had already obtained a judgment awarding prejudgment interest. Nothing in § 1692f(1) requires this Catch-22.

We conclude that Kubler's debt collection letter did not violate 15 U.S.C. § 1692f(1) or the Rosenthal Act.**[2]** We reverse the district court's grant of summary judgment against Kubler and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

**[2]** At oral argument, Diaz argued for the first time that Kubler's letter violated the FDCPA by not including details like what time period the requested interest was calculated over and whether Kubler was demanding interest that might accrue in the future. Because this argument was not made in Diaz's appellate brief, it was waived, and we do not address it. *See Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008).