
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY W. LIAL; MARQULINN LIAL, | No. 12-16855 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-02121-GMN-PAL |
| v. | |
| BANK OF AMERICA CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Gary W. and Marqulinn Lial appeal pro se from the district court's judgment

dismissing their diversity action alleging state law claims related to a foreclosure.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed the Lials' wrongful foreclosure and quiet title claims because the Lials did not allege facts sufficient to show that they were not in default on their loans and that defendants exercised the power of sale. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove title in himself."); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegations that a lender exercised the power of sale and foreclosed upon property when no failure of performance existed on the part of the borrower).

The district court properly dismissed the Lials' civil conspiracy and injunctive relief claims after dismissing the underlying causes of action. *See, e.g.*, *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (Nev. 1980) (conspiracy action for damages generally must be based on a viable, independent cause of action).

The Lials' lack standing to enforce the terms of any pooling and service agreement and therefore cannot challenge any assignment into a securitized trust. *See Wood v. Germann*, 331 P.3d 859, 861-62 (Nev. 2014) ("[A]ppellant, who is neither a party nor an intended third-party beneficiary of the PSA, lacked standing

12-16855

to challenge the assignment's validity."). We reject as without merit the Lials' contention that the securitization of their loan rendered their note or deed of trust fraudulent.

Contrary to the Lials' arguments under Nevada law, Mortgage Electronic System, Inc. ("MERS") was properly identified as a beneficiary in their deed of trust and had the authority to assign its interest. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012) ("We . . . hold that MERS is capable of being a valid beneficiary of a deed of trust, separate from its role as an agent (nominee) for the lender . . . . MERS, as a valid beneficiary, may assign its beneficial interest in the deed of trust to the holder of the note, at which time the documents are reunified."); *see also Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) ("When interpreting state law, we are bound to follow the decisions of the state's highest court . . . ." (internal quotation marks omitted)).

We do not consider arguments raised for the first time on appeal. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998).

**AFFIRMED**.