NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,

Plaintiff-Appellant,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant-Appellee,

and

AMAZON.COM LLC; et al.,

Defendants.

No. 19-17149

D.C. No. 2:17-cv-01994-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted October 20, 2020
San Francisco, California

Before: CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.
Dissent by Judge CLIFTON

Plaintiff-Appellant State Farm Fire and Casualty Co. ("State Farm") appeals

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the district court's grant of summary judgment, on cross motions for summary judgment, to Defendants-Appellees, Amazon.com, Inc. and Amazon.com, LLC (jointly, "Amazon") on State Farm's strict liability and negligence claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

"We review de novo the district court's order granting summary judgment and its interpretation of state law." *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) (citations omitted). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).

State Farm contends the district court erred in its interpretation and application of Arizona's strict liability laws. Specifically, it asserts the court articulated a "rigid" seven-factor balancing test, which it argues is incompatible with Arizona's emphasis on conducting a "totality of the circumstances" and "realities of the marketplace" approach to strict liability. State Farm also argues the district court erred by weighing all factors in favor of Amazon, thereby violating the mandate of Federal Rule of Civil Procedure 56 to weigh all facts and

---

[1] Other claims and defendants were either previously dismissed or are not at issue in this appeal.

inference on a motion for summary judgment in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Arizona adopted the Second Restatement of Torts § 402A ("Restatement § 402A") to impose "strict liability o[n] manufacturers and sellers of defective products that were unreasonably dangerous and caused physical harm to the consumer or his property." *Torres v. Goodyear Tire & Rubber Co.,* 786 P.2d 939, 942 (Ariz. 1990). Arizona courts avoid the "technical limitations of the term seller or manufacturer as used in Restatement § 402A." *Id*. at 943. Rather, for strict liability to apply, an entity must be an "integral part of an enterprise" that resulted in the defective product being placed in the stream of commerce. *Dillard Dep't Stores, Inc. v. Associated Merch. Corp.*, 782 P.2d 1187, 1193 (Ariz. Ct. App. 1989) (Claborne, J., dissenting) (collecting cases). In determining whether an entity is integral, the court "must also acknowledge the realities of the marketplace." *Torres*, 786 P.2d at 944 (finding Goodyear liable for a defective "Goodyear GB" tire where it was "designed to be a Goodyear tire, produced, packaged, advertised, and sold as a Goodyear tire, and warranted by Goodyear").

Arizona courts have repeatedly applied a contextual analysis and balanced multiple factors to determine whether a company "participate[d] significantly in the stream of commerce." *Grubb v. Do It Best Corp*., 279 P.3d 626, 627–28 (Ariz. Ct. App. 2012) (discussing cases and the various factors Arizona courts have used

3

to determine whether strict liability applies); *see also Antone v. Greater Ariz. Auto Auction, Inc.*, 155 P.3d 1074, 1076–80 (Ariz. Ct. App. 2007) (discussing cases and weighing factors). The district court accurately summarized the law when it stated that Arizona weighs

> a number of factors when determining if entities participate significantly in the stream of commerce and are therefore subject to strict liability, including whether they: (1) provide a warranty for the product's quality; (2) are responsible for the product during transit; (3) exercise enough control over the product to inspect or examine it; (4) take title or ownership over the product; (5) derive an economic benefit from the transaction; (6) have the capacity to influence a product's design and manufacture; or (7) foster consumer reliance through their involvement.

The court's decision to enumerate the existing factors was neither a novel approach to the law nor overly rigid. Rather, the court's articulation of the various strict liability factors was entirely consistent with existing Arizona case law.

In applying these factors, the district court found that the majority of factors weighed in favor of Amazon. We agree. First, Amazon expressly disclaims any warranties in its Business Services Agreement, which applied to the third-party seller of the allegedly defective hoverboards here. Not providing a warranty indicates that Amazon does not take responsibility for the quality of the product. *Cf. Torres*, 786 P.2d at 942 (finding strict liability where Goodyear "honors valid warranty claims" even for tires "manufactured by a subsidiary"). Second, while Amazon facilitated the shipping of the third-party seller's hoverboards from the

4

warehouse to the consumer, this did not make Amazon the seller of the product any more than the U.S. Postal Service or United Parcel Service are when they take possession of an item and transport it to a customer. *See Grubb*, 279 P.3d at 629 (finding the company that sued under a strict products liability theory did not "participate significantly in the stream of commerce" as it "would not have been responsible if [a product] had been lost or damaged in transit"); *Dillard*, 782 P.2d at 1191 (same). Third, while Amazon could theoretically use its market power to inspect third-party sellers' products, in practice it does not. Instead, Amazon relies on sellers' representations regarding the contents of the packages it stores before placing them in an Amazon box for shipping. *See Antone*, 155 P.3d at 1079. Fourth, while Amazon did store and then mail the hoverboards to the customer on behalf of the third-party seller, at no time did Amazon take title to the hoverboards, which supports the conclusion that it is not the seller of the product. *See id*. (noting lack of ownership and control as significant factors against finding strict liability on the part of the automobile auction company). Fifth, Amazon derives only a small benefit from each of the transactions of the third-party sellers that use its services, suggesting that Amazon's interest in the transaction is limited. *See Grubb*, 279 P.3d at 629 (citing *Antone*, 155 P.3d at 1079). Sixth, while Amazon undoubtedly has the capacity, due to its market power, to influence third-party sellers' design and manufacturing decisions, State Farm shows little to support the

5

conclusion that Amazon does so in practice. *Cf. Torres*, 786 P.2d at 942 (noting

Goodyear's ability to control directly and indirectly the production of the allegedly

defective tires). Seventh, the consumer reliance factor weighs in Amazon's favor

because the third party is listed as the seller on the website and receipt, and State

Farm does not cite to any cases that support its contention that an injured party's

subjective belief about the identity of the seller weighs in favor of finding that

entity strictly liable.

In sum, taking all of alleged facts in State Farm's favor, we conclude that

under Arizona's existing body of case law, which requires us to balance various

factors and provide a contextual analysis of whether the non-moving party

participated significantly in the stream of commerce, summary judgment for

Amazon is appropriate here. While Amazon provides a website for third-party

sellers and facilitates sales for those sellers, it is not a "seller" under Arizona's

strict liability law for the third-party hoverboard sales at issue here.

Because we conclude that Amazon was not the "seller" for purposes of strict

liability, State Farm's negligence claim also fails.[2] Absent a duty to defendant and

---

[2] Although it is not entirely clear, State Farm seems to raise new arguments on appeal regarding the source of the duty in negligence Amazon allegedly owed to the injured party. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *El Paso City v. Am. W. Airlines, Inc.* (*In re Am. W. Airlines, Inc.*), 217 F.3d 1161, 1165 (9th Cir. 2000). Here, we find that no exceptional circumstances warrant considering these new arguments.

6

a breach of that duty, a negligence action fails.  *See Quiroz v. ALCOA Inc.,* 416 P.3d 824, 827–28 (Ariz. 2018).  Here, Amazon did not owe a special duty to the injured party because it was not the seller.

**AFFIRMED.**

No, 19-17149, *State Farm Fire & Casualty Company v. Amazon.com, Inc.*

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLIFTON, Circuit Judge, dissenting:

The questions presented by this case are questions of Arizona law. My colleagues have tried to answer the questions based on prior Arizona court decisions, as did the district court. Their answers are plausible, but different answers would also be plausible. *See, e.g.*, *Bolger v. Amazon.com, LLC*, 53 Cal. App. 5th 431, 447–62, 267 Cal. Rptr. 3d 601, 612–25 (2020). Amazon's responsibility for the transaction before us is not, in my view, clearly covered by prior Arizona cases. The role played by Amazon here was not contemplated in those decisions.

These questions are certain to reoccur, given the transformation Amazon has wrought on the marketplace. They should be answered by Arizona for itself. I would certify the questions to the Supreme Court of Arizona, the ultimate authority for interpretation of Arizona law. See *Oberdorf v. Amazon.com, Inc.*, 818 F. App'x 138, 143 (3d Cir. 2020) (certifying similar questions to the Supreme Court of Pennsylvania).

I respectfully dissent.