**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| STEVEN BAKER, DBA Chloe's Cafe; MELANIA KANG, DBA Chloe's Cafe, a California general partnership, individually and on behalf of themselves and all others similarly situated, | No. 21-15716 <br><br> D.C. No. 3:20-cv-05467-LB |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| OREGON MUTUAL INSURANCE COMPANY, an Oregon Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted March 14, 2022**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and COLLINS, Circuit Judges, and FEINERMAN,[***] District Judge.

Appellants Steven Baker and Melania Kang ("Plaintiffs") appeal from the district court's dismissal of their First Amended Complaint. Plaintiffs' commercial property insurance policy covered business losses resulting from "direct physical loss of or damage to" the insured property. In their complaint, Plaintiffs contend that this clause covered the closure of Plaintiffs' restaurant caused by the COVID-19 pandemic. The district court dismissed Plaintiffs' complaint, finding that neither the COVID virus nor COVID-related closure orders caused direct physical loss or damage within the meaning of the insurance policy.

We have jurisdiction to review the district court's order under 28 U.S.C. § 1291. We affirm the order.

We review de novo a district court's order granting a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6). *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). Because California law controls our interpretation of the relevant insurance policy language, we "are bound to follow the decisions of the state's highest court, and when the state supreme court has not spoken on an issue, we must determine what result the court would reach based on

---

[***] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

state appellate court opinions, statutes[,] and treatises." *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 15 F.4th 885, 889 (9th Cir. 2021) (quoting *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015)). "We will ordinarily accept the decision of an intermediate appellate court as the controlling interpretation of state law." *Id.* (quoting *Tomlin v. Boeing Co.*, 650 F.2d 1065, 1069 n.7 (9th Cir. 1981)).

As both parties agree, the California Court of Appeal's decision in *Inns by the Sea v. California Mutual Insurance Co.*, 286 Cal. Rptr. 3d 576 (Cal. Ct. App. 2021), controls the present case. In *Inns by the Sea*, the Court of Appeal held that the commercial property insurance policy language at issue does not cover loss of business income caused by COVID-related closure orders. 286 Cal. Rptr. 3d at 579–80, 590, 593. So too here. Plaintiffs' insurance policy does not cover their COVID-related business losses.

**AFFIRMED.**